**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRAIG K. POTTS; KRISTEN H. POTTS, | No. 18-72382 |
| Petitioners-Appellants, | Tax Ct. No. 9307-17L |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted August 15, 2019**
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and LEFKOW,*** District Judge.

Petitioners Craig K. Potts and Kristen H. Potts timely initiated a collection

due process case with the Internal Revenue Service ("IRS") concerning the IRS's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

intent to levy Petitioners' unpaid tax liabilities for tax years 2008, 2009, 2010, and 2012. After various proceedings and delays, a settlement officer sustained the levy and closed the case. Petitioners timely sought review from the tax court, which granted summary judgment to the Commissioner of Internal Revenue. Petitioners now seek review from this court. Reviewing de novo, Sollberger v. Comm'r, 691 F.3d 1119, 1123 (9th Cir. 2012), we affirm.

1. The tax court correctly held that Petitioners had an earlier opportunity to challenge their liability for 2012 tax year and that, accordingly, they could not challenge that liability in this collection proceeding. See 26 U.S.C. § 6330(c)(2)(B) ("The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."). Petitioners clearly had an earlier opportunity to dispute their 2012 liability because, in 2015, Petitioners affirmatively settled their liability for the 2012 tax year by signing a Form 870. Petitioners agreed "to the immediate assessment and collection" of an amount of liability specifically for tax year 2012.

We reject Petitioners' argument that the 2015 settlement was not an earlier opportunity to dispute the 2012 liability because the Form 870 allowed Petitioners

2

later to seek a refund. But the Form 870 allowed Petitioners later to seek a refund after they paid the tax. More to the point, the only pertinent question in the collection proceeding was whether Petitioners had an earlier "opportunity to dispute [the 2012] tax liability" for purposes of 26 U.S.C. § 6330(c)(2)(B). (Emphasis added.) They clearly had such an opportunity in 2015.

Because Petitioners could not dispute their 2012 liability during the collection proceeding, the settlement officer did not err by failing to inquire about the status of Petitioners' amended tax return. For the same reason, the settlement officer did not err by failing to construe their offer in compromise, styled as a challenge of type "effective tax administration," as a challenge of type "doubt as to liability." See Baltic v. Comm'r, 129 T.C. 178 (2007) (holding that a taxpayer who has had an earlier opportunity to dispute liability may not file an offer in compromise, "doubt as to liability," as part of a collection due process hearing).

2. The tax court properly declined to order a refund of Petitioners' payment, which was submitted to the IRS's Long Beach office along with an offer in compromise of type "effective tax administration." Because Petitioners submitted the offer and the payment to the IRS' Long Beach office outside the scope of this collection due process case, the tax court correctly characterized this issue as "extraneous" to this case. See 26 U.S.C. § 6330(c) (describing matters that may be

3

raised at a collection due process hearing, which does not include a request for a refund of a payment made outside the collection due process hearing).

**AFFIRMED.**